IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE WILLIAM BEALL,           \*

    Plaintiff                      \*

       v                          \*           Civil Action No. DKC-16-2965

DOCTOR ROBUSTIANO BARRERA, *et al.*,    \*

    Defendants                \*
                                           \*\*\*

**MEMORANDUM OPINION**

Pending before the court is a motion to dismiss, or alternatively, for summary judgment filed by Defendants Robustiano Barrera, M.D., William Beeman, R.N., Mahboob Ashraf, M.D. and Krista Bilak, R.N.P. ("Medical Defendants"). ECF No. 7.[1] Plaintiff was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that failure to file a response in opposition to the motion filed by the medical defendants could result in the dismissal of his complaint. ECF No. 8. To date, Plaintiff has filed nothing in response to the motion. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the medical defendants' dispositive motion will be granted.

**I. Complaint Allegations**

Plaintiff Bruce William Beall, an inmate currently confined at North Branch Correctional Institution (NBCI) in Cumberland, Maryland, filed this verified complaint on August 24, 2016, and alleged that the medical defendants have been deliberately indifferent to his serious medical needs. ECF No. 1. Specifically, Plaintiff states that he had to have surgery on his right thumb after he suffered a seizure in 2011 and hit his hand against the sink/toilet in his cell. ECF No. 1,

---

[1]     Citations are to the court's electronic docket.

p. 5. He states that medical staff waited so long to treat him that his right thumb "healed crooked" resulting in the need for surgery. *Id*., p. 6. He states that the surgery consisted of his thumb being re-broken and the placement of two removable pins. *Id*. Thereafter, the medical department refused to give him tape to hold his ace bandage in place with the result that, "everything fell off and only one of the removable pins could be seen." *Id*. He states that he found out that the second pin went through the skin. *Id*., pp. 6-7. Plaintiff states that he complained about this and x-rays were taken but nothing was done. *Id*., p. 7.

Plaintiff also alleges that Defendants stopped his pain medication and when he asked to have pain medication he was advised that it was "a bad idea because of other medication" he was taking. *Id*., p. 7. He claims that he is in continuing pain and he seeks compensatory damages as well as an injunction providing surgery and pain medication. *Id*., pp. 7-8.

## II. Defendants' Response

Defendants contend that the allegations concerning an injury to his thumb in 2011 are time barred and that the complaint otherwise should be dismissed because it fails to allege any specific wrongdoing by any of them particularly as it relates to ongoing complaints of pain.

The medical defendants indicate that Plaintiff was evaluated by LPN Stella Dale on January 10, 2012, reporting that he injured his left hand on January 9, 2012, during a seizure. ECF No. 7-2, p. 3. Plaintiff's left thumb was bruised and swollen. *Id*. Plaintiff was evaluated on January 13, 2012, by Colin Ottey, M.D. who noted swelling and bruising of Plaintiff's left hand. *Id*., p. 4. Ottey ordered Plaintiff to be provided with an ace bandage for three months, directed Plaintiff to ice the thumb in the evenings, and referred Plaintiff to another provider for follow-up in two weeks. *Id*., pp. 5, 7.

2

On January 28, 2012, Plaintiff was again evaluated by Dr. Ottey. *Id*., p 8. At this time it was noted that Plaintiff was being seen for a follow up for an injury to his right hand. An x-ray of the hand revealed a fracture of the first metacarpal bone with some displacement. *Id*. Plaintiff was prescribed Ibuprofen and Tylenol-codeine No. 3 to be taken as needed and a consultation request for an orthopedic evaluation was placed. *Id*., pp. 8-9.

Plaintiff was seen by Registered Nurse Metheny on February 17, 2012, due to continued complaints of right hand pain. *Id.*, p. 10. It was noted that the request for an orthopedic consultation was approved. *Id*.

Plaintiff was seen by an off-site medical provider on February 24, 2012. *Id*., p. 13. He was returned to the facility with an ace bandage wrap intact and reporting no issues. *Id*. Plaintiff saw Dr. Ottey on March 10, 2012. *Id*., p. 15. Ottey noted that Plaintiff had recently been seen by an orthopedic surgeon who recommended open reduction surgery and internal K-wire fixation of Plaintiff's right thumb. *Id*.

On April 17, 2012, Plaintiff underwent surgery on his thumb by Dr. Krishnaswamy. *Id*., p. 17. Plaintiff was placed in a sprint and discharged back to the institution the same day. He was prescribed Ibuprofen and Tylenol-codeine No. 3 for pain relief. *Id.*, p. 18.

On April 21, 2012, during a follow-up visit with Dr. Ottey, Plaintiff reported pain in his hand. The hand was noted to be improving and swelling was mild. *Id*. Plaintiff's prescriptions for Ibupofren and Tylenol-codeine No. 3 were renewed. *Id*.

On May 22, 2012, Plaintiff reported to Registered Nurse Monica Metheny that he believed a "pin came out of his thumb." *Id*., p. 23. He was seen the following day by Physician's Assistant Katie Winner. He reported that he was in a lot of pain. It was noted that

he was still wearing the cast that was placed by the surgeon. A consultation request for follow-up with the surgeon was placed. *Id*., p. 25. A diagnostic image of Plaintiff's hand was also ordered. *Id*.

On May 31, 2012, Plaintiff was again evaluated by Katie Winner, P.A. *Id*., p. 27. He reported that his cast "came off in his sleep" and he had not been wrapping his thumb. *Id*. Redness of the thumb was observed, however no pain, swelling, or stiffness was observed and he had a full range of motion. *Id*. It was noted that the results of the x-ray and follow-up with surgeon were both pending. *Id*. He was placed in a right thumb splint for two weeks. *Id*., p. 28.

A skilled nursing note dated August 18, 2012, indicates Plaintiff "voiced no medical complaint." *Id*., p. 29. His pertinent medical records were provided from January 1, 2010 to October 27, 2016. *Id*., p. 2.

### III. Standard of Review

**A.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,*

4

478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.      Motion for Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## IV. Analysis

Defendants raise the affirmative defense that Plaintiff's claims regarding medical care occurring in 2011 and 2012 are barred by the statute of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable

statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101.

The question of when a cause of action has accrued under § 1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* Here, the injury to Plaintiff's thumb, the surgery, and treatment of the injury, occurred from the earliest January 28, 2012, to the latest August 18, 2012 (when notes reflect Plaintiff reported no complaints regarding his thumb and thus his treatment was concluded.) Plaintiff did not file the instant complaint until August 24, 2016. ECF No. 1. As such, any claims are time barred as they relate to Plaintiff's initial treatment and surgery and summary judgment will be granted as to that aspect of Plaintiff's complaint.

The meagre allegations concerning plaintiff's complaints of continuing pain occurring since August 24, 2013 (three years prior to filing suit) must be dismissed. The complaint does not allege any personal participation by Defendants Robustiano Barrera, M.D., William Beeman, R.N., Mahboob Ashraf, M.D. and Krista Bilak, R.N.P in regard to the alleged denial of pain medication. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Other than being named in the caption of the complaint, the Defendants are not mentioned anywhere in the factual allegations of the complaint. Plaintiff does not attribute any action or inaction to any of the named Defendants that resulted in his being denied constitutionally adequate medical care. Simply stated, Plaintiff's allegations fail to state a claim against Defendants for an Eighth Amendment violation based on deliberate indifference to a serious medical need.

## V. Conclusion

For the aforementioned reasons, Defendants' motion to dismiss, or in the alternative motion for summary judgment, will be granted.[2]  A separate Order follows.

August 7, 2017                                          _____/s/_____
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge

---

[2] In light of the foregoing, the court need not address Defendants' claims of qualified immunity.